[Civ. No. 17086.   Second Dist., Div. Three.   Jan. 26, 1950.]

ANTHONY ACQUISTO, Respondent, v. BANK OF AMER-
ICA NATIONAL TRUST AND SAVINGS ASSOCIA-
TION (a National Banking Association), Appellant.

Hugo A. Steinmeyer and Geo. L. Beckwith for Appellant.

Gustafson & Rosenmund and Roy A. Gustafson for Respondent.

SHINN, P. J.—In March of 1948, Charles C. McIntosh was in the used car business in Ventura. Plaintiff was engaged separately in the same business. McIntosh then had five automobiles in stock, upon which the Bank of America had a lien as security for the payment of $3,665.50. The bank held the ownership certificates and two so-called trust receipts signed by McIntosh, one covering four cars and the other one car. McIntosh held a copy of the four-car receipt to which had been added a description of the fifth car. The purport of these writings was that McIntosh retained possession of the cars as trustee for the bank, and was authorized to sell them and receive the certificates of ownership upon payment of stipulated amounts upon the indebtedness. Being in financial difficulties, McIntosh proposed to plaintiff that he assume the indebtedness to the bank and take title to the five cars. The court found that on or about March 11, 1948, McIntosh assigned to plaintiff all his right, title and interest in and to said automobiles and his rights as trustee in and to said trust receipt; that on the same day plaintiff notified defendant of said assignments, exhibited to defendant a bill of sale of the cars, and a written authorization from McIntosh directing defendant to accept from plaintiff the amount of its lien and to surrender to plaintiff the certificate of ownership for each of them; that plaintiff tendered to defendant the amount of the indebtedness and demanded the certificates of ownership properly endorsed; that defendant refused to deliver said certificates or to release its lien; and that plaintiff was thereby damaged in the sum of $1,534.50. The cars were found to have a retail value of $6,875, and a wholesale value of $5,200. The damages were fixed at the difference between the wholesale value and the amount of the indebtedness to the bank. Defendant appeals.

The bank throughout has relied upon the admitted fact that before plaintiff tendered the amount of the indebtedness it had been notified by McIntosh not to accept payment from plaintiff or deliver to him the ownership certificates. Two points are made on the appeal, (1) that there was no effective transfer to plaintiff of the interest in the cars which was vested in McIntosh under his arrangement with the bank, and (2) that the refusal of the bank to accept payment of the debt and surrender the ownership certificates was not a proximate cause of any damage suffered by plaintiff.

It is said in the opening brief, "there was no attempt to transfer or assign any right, title or interest in or to the automobiles or ownership certificates." It is also said that the negotiations between plaintiff and McIntosh amounted only to an offer by the latter to transfer title to the cars after plaintiff had satisfied the indebtedness to the bank. McIntosh, it is said, revoked his offer by notifying the bank, prior to plaintiff's tender, not to accept payment of the indebtedness or deliver the ownership certificates to plaintiff.

■ The arrangement between McIntosh and plaintiff took place in the evening of March 10th. Plaintiff testified that McIntosh offered to give him title to the cars if he would pay off the bank and that he agreed. McIntosh then executed and delivered to plaintiff bills of sale of each of the cars, dated March 11th, and delivered to him the so-called trust receipt and five signed authorizations to the bank to accept the amount of the indebtedness on the cars and to cancel the insurance. A witness, Jensen, who was present, testified that after McIntosh had stated his terms plaintiff said "O. K. it is a deal" and that thereafter the witness drew the bills of sale, the directions for payment to the bank which were then signed by McIntosh and, together with the trust receipt, were handed to plaintiff. The testimony of McIntosh was corroborative of the foregoing, although he testified that plaintiff agreed to share equally with him any net profits made on the sale of the cars. There was sufficient evidence to prove that the agreement consisted of an offer made by McIntosh which was accepted by plaintiff, followed by the delivery and acceptance of the bills of sale and other instruments. It was shown by unconflicting evidence that plaintiff at the time agreed to pay the indebtedness to the bank and that he was to be given possession of the cars as soon as he had paid off the bank and received the ownership certificates. It seems to us that the parties did all that was required to evidence a binding agree-

ment. They were careful to respect the rights of the bank. The bills of sale recited that the cars were transferred free and clear of encumbrance. They were effective as a conditional transfer of title to plaintiff which would become absolute when plaintiff complied with the condition. Plaintiff accepted them, and in so doing confirmed his obligation to satisfy the lien of the bank before he would have the right to possession of the cars. McIntosh had no right to repudiate or rescind the transaction.

Appellant calls attention to a provision in the trust receipt that the cars could be sold "with the consent of the bank" and says that it did not consent to the sale. It is not suggested, however, that it would have had any right to withhold consent to a sale or to refuse to surrender the ownership certificates to McIntosh upon payment of the amount of its lien. Neither is it contended that McIntosh could not transfer to plaintiff the same right to pay off the debt and satisfy the lien. It is contended only that no effective transfer was made, and in this, as we have seen, the bank was mistaken. Both McIntosh and the bank acted under the erroneous belief that no effective agreement had been made with plaintiff. The evidence, as we have seen, was to the contrary, and upon the findings on that issue the refusal of the bank to recognize the agreement gave plaintiff a cause of action for damages.

It has been mentioned that McIntosh testified that plaintiff agreed to give him one-half the profits when the cars were sold. While the findings do not state the terms of the agreement, it is clear, when they are considered as a whole, that the court did not accept the testimony of McIntosh on this point.

It is also to be noted that the court found the retail value of the cars to be $6,875, and the "wholesale" value $5,200. The finding as to the wholesale value was based upon evidence as to what the five cars would have brought on the market if offered to dealers in used cars. Since plaintiff has not appealed the question does not arise whether he was entitled to have his damages computed on the basis of what the cars would have brought at retail.

Appellant's final contention is that, assuming the agreement was made, as the court found, plaintiff's damage was occasioned by the refusal of McIntosh to perform upon his part. It is said that even if the bank had surrendered the certificates of ownership plaintiff could not have made

effective sales of the cars if McIntosh refused to surrender possession of them and that it is clear he had no intention to do so. The obvious answer to this contention is that if the bank had surrendered the ownership certificates, title to the cars would have stood in plaintiff, and he would have been in a position to sell them and transfer title. If, under those circumstances, McIntosh had refused to surrender possession, which perhaps is doubtful, plaintiff or his assignees could have gained possession through legal process. If the wrongful acts of two persons contribute proximately to cause damage to a third person, neither of the wrongdoers can shift the entire responsibility to the other. (*Decorsey* v. *Purex Corp.*, 92 Cal.App.2d 669 [207 P.2d 616].)

The judgment is affirmed.

Vallée, J., concurred.

Wood, J., deeming himself disqualified, does not participate herein.